Civil Action No. 3:16-CV-75

# EXHIBIT A

Civil Action No. 3:16-CV-75

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts    Help

# REGISTER OF ACTIONS
### CASE NO. 2016DCV0175

| | |
|---|---|
| Rose M. Ramirez vs Total Renal Care, Inc. d/b/a Davita a/k/a Sierra Mobile Acute Dialysis Services | Case Type: **Wrongful Termination**<br>Date Filed: **01/15/2016**<br>Location: **327th District Court** |

---

## PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Lead Attorneys** |
| **Defendant** | Total Renal Care, Inc. | | **ADAM D. BOLAND**<br>*Retained*<br>210-354-1300(W) |
| **Plaintiff** | Ramirez, Rose | | **ENRIQUE CHAVEZ, Jr.**<br>*Retained*<br>915-351-7772(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 01/15/2016 | Original Petition (OCA)     Doc ID# 1 | |
| 01/15/2016 | Case Information Sheet     Doc ID# 2 | |
| 01/15/2016 | E-File Event Original Filing | |
| 01/28/2016 | Citation | |
| | Total Renal Care, Inc. | Unserved   Response Received  02/24/2016 |
| 02/24/2016 | Answer     Doc ID# 4 | |

El Paso County - 327th District Court

Filed 1/15/2016 4:24:41 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV0175

|  |  |  |
|---|---|---|
| ROSE M. RAMIREZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No.: |
| | § | |
| TOTAL RENAL CARE, INC. | § | |
| D/B/A DAVITA A/K/A SIERRA MOBILE | § | |
| ACUTE DIALYSIS SERVICES | § | |
| Defendants. | § | |

<u>**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**</u>

TO THE HONORABLE COURT:

Plaintiff ROSE M. RAMIREZ ("Employee RAMIREZ"), now files her Original Petition complaining of TOTAL RENAL CARE d/b/a DAVITA a/k/a SIERRA MOBILE ACTUTE DIALYSIS SERVICES ("Employer DAVITA") and respectfully show as follows:

I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

II. PARTIES

2. Employee RAMIREZ is an individual residing in El Paso County, Texas.

3. Employer TOTAL RENAL CARE, INC. D/B/A DAVITA A/K/A SIERRA MOBILE ACUTE DIALYSIS SERVICES is a corporation upon whom service may be obtained by serving its registered agent for service of process, CORPORATION SERVICE COMPANY D/B/A/ CSC-LAWYERS INC. SERVICE CO., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

III. VENUE

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Employee RAMIREZ'S claim occurred in El Paso, Texas.

IV. BACKGROUND & CHRONOLOGY

5. Employers MUST prevent sex discrimination against female employees to protect female employees from emotional harms and financial losses.

6. Employers MUST prevent pregnancy discrimination against female employees to protect its employees and families from emotional harms and financial losses.

7. On or about September 7, 2010, Employer DAVITA hired Employee RAMIREZ for the position of registered nurse II for Employer DAVITA's El Paso dialysis centers.

8. On or about December, 2011, Employer DAVITA was put on notice that Employee RAMIREZ was pregnant when Employee RAMIREZ told them.

9. On or about January 6, 2012, Employer DAVITA's Manager and Facility Administrator Victor Tapia notifies Employee RAMIREZ that Highland's Regional Rehabilitation Hospital supposedly requested that Employee RAMIREZ no longer provide patient care on its premises.

10. In the Summer of 2012, Employer DAVITA's Senior Staff Member, Timo Briffa ("Senior Staff Member Briffa"), is asked by Employee RAMIREZ why Employer DAVITA employs so few women.

11. Senior Staff Member Briffa responds "Cause you guys get knocked up."

12. On or about July 31, 2012, Employer DAVITA's Manager Frank Gamez notifies Employee RAMIIREZ that Sierra Medical Center suposedly requested that Employee RAMIREZ no longer provide patient care on its premises.

13. EMPLOYER DAVITA places Employee RAMIREZ on maternity leave from on or about August 24, 2012 until December 31, 2012.

14. On or about January, 2013, **Employer DAVITA demotes Employee RAMIREZ when Employee RAMIREZ returns from maternity leave** by cutting Employee RAMIREZ'S hours from full-time to per diem, without any explanation.

15. Employer DAVITA receives numerous requests from Employee RAMIREZ to be reinstated to full time.

16. Employer DAVITA repeatedly denies her request.

17. In the meantime, however, Employer DAVITA grants the request of male employees who request full time employment.

18. Employer DAVITA retaliates against Employee RAMIREZ when it refuses to give her work.

19. On or about June 24, 2014, Employer DAVITA's Manger and Facility Administrator Victor Tapia notifies Employee RAMIREZ that Mesa Hills Speciality Hospital supposedly requested that Employee RAMIREZ no longer provide patient care on its premises.

20. On July 9, 2014, Employer DAVITA receives a memo from Employee RAMIREZ's wherein she informs Employer DAVITA of the statements that Senior Staff Member Briffa's makes to Employee RAMIREZ during the Summer of 2012.

21. In addition, though the July 9, 2014 memo Employer DAVITA receives Employee RAMIREZ's concerns about Employer DAVITA refusing to place her on the work schedule.

22. Moreover, Employer DAVITA receives Employee RAMIREZ's request that Employer DAVITA protect her from retaliation and discrimination due to her pregnancy, because she is a woman, and because she had previously made complaints regarding discriminatory comments made to her.

23. On or about August 11, 2014, Employer DAVITA's through two of its agents, Manager and Facility Administrator Victor Tapia and Manager Frank Gamez send Employee RAMIREZ a letter notifying her that her employment with Employer DAVITA is hereby terminated.

24. Attached to the letter of termination is a "Termination Documentation Form" wherein Employer DAVITA falsely claims that as a result of the January 6, 2012, July 31, 2012, and June 24, 2014 hospital bans, are what lead to Employee RAMIREZ'S termination.

25. In addition, Employer DAVITA'S Termination Documentation Form falsely says that Employee RAMIREZ violated specific guidelines and policies which resulted in her termination.

26. Moreover, this form falsely claims that Employer DAVITA's Managers Tapia and Gamez notified Employee RAMIREZ of various hospitals' requests that Employee RAMIREZ no longer provide patient care on their premises.

27. During Employee RAMIREZ'S employment, she did not have any written reprimands nor any disciplinary actions against her before her termination.

28. Employer DAVITA's actions and dismissal of Employee RAMIREZ are in violation of the Texas Commission on Human Rights Act (TCHRA), codified at Tex. Labor Code Section 21.051.

## V. NOTICE OF RIGHT TO SUE

29. Attached as **Exhibit "A"** to Employee RAMIREZ's Original Petition is the Notice of Right to File a Civil Action issued by the Texas Commission on Human Rights for Rose M. Ramirez.

## VI. HARMS AND LOSSES

30. Employee RAMIREZ seeks back pay, front pay and or lost wages and benefits in the past and future. Further, Employee RAMIREZ is entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future.

31. Additionally, Employee RAMIREZ is entitled to recover punitive damages against Employer DAVITA because it acted with malice or, at least, with reckless and/or conscious indifference to Employee RAMIREZ's state protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585.

## VII. ATTORNEY'S FEES

32. Plaintiff is entitled to reasonable attorney's fees and reasonable expert fees as costs in prosecuting this lawsuit.

## VIII. JURY DEMAND

33. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## IX. REQUEST FOR DISCLOSURE

34. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2(a)-(k).

## X. Prayer

Employee, ROSE M. RAMIREZ respectfully prays that she recover from Employer TOTAL RENAL CARE, INC. D/B/A DAVITA A/K/A SIERRA MOBILE ACTUE DIALYSIS SERVICES, jointly and severally, actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, economic damages and benefits in the past and future, compensatory damages, statutory and punitive damages, reinstatement, plus prejudgment interest, post-judgment interest, attorney's fees, expert fees, costs and such other and further relief to which each may show herself to be justly entitled, in law and in equity. Such damages sought by Employee ROSE M. RAMIREZ are within the jurisdictional limits of the court.

SIGNED on this 15 day of January, 2016.

Respectfully submitted,
**Chavez Law Firm**
2101 North Stanton Street
El Paso, Texas 79902
(915) 351-7772
(915) 351-7773 facsimile

By: _____
**Enrique Chavez, Jr.**
State Bar No.: 24001873

Attorney for Plaintiff



# Texas Workforce Commission
## Civil Rights Division

December 22, 2015

ROSA M RAMIREZ
c/o ENRIQUE L CHAVEZ, JR
CHAVEZ LAW FIRM
2101 N. STANTON
EL PASO, TX 79902

Re: ***ROSA M RAMIREZ v. SIERRA MOBILE ACUTE DIALYSIS SERVICES***
EEOC Complaint # 453-2014-01113
CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Lowell A. Keig
Division Director

**RETAIN ENVELOPE TO VERIFY DATE RECEIVED**

Copy to:
SIERRA MOBILE ACUTE DIALYSIS SERVICES
ATTN: VICTOR TAPIA, HR DIRECTOR
DAVITA DIALYSIS
6000 WELCH DRIVE, STE 17
EL PASO, TX 79905

101 E. 15th Street, Room 144T • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 463-2643 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program

**Exhibit A**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **TOTAL RENAL CARE, INC. D/B/A DAVITA A/K/A SIERRA MOBILE ACUTE DIALYSIS SERVICES,** who may be served with process through its registered agent, **CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC SERVICE CO, 211 E 7TH STREET, SUITE 620, AUSTIN, TX 78701**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 15th day of January, 2016, by Attorney at Law ENRIQUE CHAVEZ, JR. 2101 N STANTON ST, EL PASO, TX 79902 in this case numbered **2016DCV0175** on the docket of said court, and styled:

**Rose M. Ramirez**
**vs**
**Total Renal Care, Inc. d/b/a Davita a/k/a Sierra Mobile Acute Dialysis Services**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 28th day of January, 2016.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

By _____, Deputy
Erica Romero

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2016, at _____ I mailed to _____
_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure attached thereto.

_____
TITLE

*NAME OF PREPARER          TITLE
ADDRESS
CITY          STATE          ZIP

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

U-11
**TEXAS WORKFORCE COMMISSION**
Civil Rights Division
101 East 15th Street, Room 144-T
Austin, TX 78778-0001

OFFICIAL BUSINESS



PRESORTED FIRST CLASS
02 1R  $00.41⁶
0002096085  DEC 23 2015
MAILED FROM ZIP CODE 78701

ROSA M RAMIREZ
c/o ENRIQUE L CHAVEZ, JR
CHAVEZ LAW FIRM
2101 N. STANTON
EL PASO, TX 79902

51 KQT-S3B 79902

Cherokee Process Servers
1002 Magoffin Ave.
El Paso, Texas 79901

CERTIFIED MAIL
7014 1820 0000 5004 3991

USPS 1000 78701
FEB 02, 16
AMOUNT $6.96
00114288-10
79901

Corporation Service Company
D/B/A CSC-Lawyers Inc Service Co
Attn Total Renal Care Inc
A/K/A Sierra Mobile Acute Dialysis Service
211 E 7th Street, Suite 620
Austin, TX 78701

RETURN RECEIPT REQUESTED

78701322218 0015

El Paso County - 327th District Court

Filed 2/24/2016 8:58:59 AM
Norma L. Favela
District Clerk
El Paso County
2016DCV0175

CAUSE NO. 2016DCV0175

| | | |
|---|---|---|
| ROSE M. RAMIREZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 327TH JUDICIAL DISTRICT |
| | § | |
| TOTAL RENAL CARE, INC., D/B/A | § | |
| DAVITA A/K/A SIERRA MOBILE | § | |
| ACUTE DIALYSIS SERVICES, | § | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Total Renal Care, Inc., incorrectly named as Total Renal Care, Inc., d/b/a DaVita a/k/a Sierra Mobile Acute Dialysis Services, and in answer to Plaintiff Rose M. Ramirez' Original Petition states as follows:

### General Denial

1.  Defendant denies each and every, all and singular, allegations of the Plaintiff and demands strict proof thereof in accordance with the Constitution and laws of the United States and the State of Texas.

### Affirmative Defenses

1.  Plaintiff is precluded from recovering from any events occurring outside the applicable statute of limitations provided for in the Texas Labor Code or Texas Civil Practice and Remedies Code.

2.  Any claim in Plaintiff's Original Petition that was not raised in a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of the alleged wrongful conduct, and any claim under the Texas Commission on Human Rights Act ("TCHRA") that was not raised in a charge of discrimination filed with the Texas Workforce Commission – Civil Rights Division ("TWC-CRD") within 180 days of the

alleged wrongful conduct, is barred by Plaintiff's failure to exhaust administrative remedies and the applicable statutes of limitations.

3. To the extent Plaintiff filed suit more than 60 days after receiving her Notice of Right to File Civil Action from the TWC-CRD or more than 90 days after receiving her Dismissal and Notice of Rights from the EEOC, her claims are barred by limitations.

4. Plaintiff's claims for compensatory and punitive damages are subject to the limitations set by Texas Labor Code § 21.2585(d).

5. Plaintiff has failed to mitigate any damages she may have suffered on account of Defendant's actions, and the damages, if any, sustained by Plaintiff should be reduced by the value of any wages, benefits, and payments in lieu of wages that Plaintiff has earned or received since the events of which Plaintiff complains.

6. Defendant had legitimate, non-discriminatory reasons for the actions taken in relation to Plaintiff's employment, and all decisions made regarding Plaintiff's employment were made in the exercise of proper managerial discretion and in good faith for legitimate reasons.

7. Defendant would have taken the same actions with respect to Plaintiff even in the absence of the discriminatory and/or retaliatory motives alleged by Plaintiff.

8. Defendant cannot be vicariously liable for retaliatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination and retaliation. Further, Plaintiff is not entitled to recover punitive or exemplary damages. *See Kolstad v. Amer. Dental Ass'n*, 527 U.S. 526 (1999).

9. Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendant, even if proved, fail to rise to a level required to sustain an award of

punitive damages, do not evidence malicious, reckless or fraudulent intent to deny Plaintiff her protected rights, and are not wanton and willful so as to support an award of punitive damages.

### **Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant Total Renal Care, Inc., prays that on final hearing, the Court dismiss Plaintiff's claims in their entirety and order that she take nothing by reason thereof, and grant to Defendant such other relief to which it may show itself justly entitled at law or in equity.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX  78205
210.354.1300 (phone)
210.277.2702 (fax)

By:     /s/ Adam D. Boland
        Lawrence D. Smith
        State Bar No. 18638800
        Larry.Smith@ogletreedeakins.com
        Adam D. Boland
        State Bar No. 24045520
        Adam.Boland@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT TOTAL RENAL CARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2016, a true and correct copy of the foregoing document was filed using the electronic filing system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Enrique Chavez, Jr.
Chavez Law Firm
2101 North Stanton Street
El Paso, Texas 79902

/s/ Adam D. Boland
Lawrence D. Smith / Adam D. Boland

23952338.1